UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL D. SPROESSIG,

    Petitioner,                              Civil No. 04-CV-71625-DT
                                                HONORABLE ARTHUR J. TARNOW
v.                                           UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Mitchell D. Sproessig, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his conviction and sentence on three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(f), and being a second felony habitual offender, M.C.L.A. 769,10. For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The relevant facts were stated by the Michigan Court of Appeals affirming his conviction, which are presumed correct on habeas review:

1

*Sproessig v. Jackson,* 04-71625-DT

Defendant was convicted of three counts of CSC I [first-degree criminal sexual conduct] following his identification by a real estate saleswoman who was sexually assaulted on December 23, 1998, while showing a model home in Canton Township. According to the complainant, she was working alone in the home's garage, which served as an office and had been modified so that the garage door was all glass with just a single door for entry. At approximately 3:00 p.m., a man, identified by the complainant as defendant, arrived to view the home. The complainant spoke with the man for approximately five minutes, then he went alone to look through the home. He returned a couple minutes later, asking the location of the basement entry, which the complainant showed him, and she again allowed him to look around on his own.

When the man returned to talk to her a third time, she gave him a brochure and they were again talking when he suddenly grabbed the complainant from behind and dragged her into the master bedroom, and then into the walk-in closet, punching her in the nose, forcing fellatio, digitally penetrating her vagina, and forcing sexual intercourse. The man then left the home, and the complainant contacted the police. After the assault, the complainant worked with the police to prepare a computer-assisted composite of her assailant, which ultimately led to a tip from another real estate agent when defendant allegedly came to one of his open houses. Defendant was arrested on February 17, 1999 and charged with the assault.

*People v. Sproessig,* 224162, * 1-2 (Mich.Ct.App. June 25, 2002).

In addition to this evidence, petitioner's fingerprint was recovered from a brochure which was found by police on a ledge in the model home where the sexual assaults took place. Petitioner also confessed to the sexual assaults subsequent to his arrest. The prosecution also showed the jury a videotape from Channel 7 news of petitioner leaving the courthouse following his preliminary examination. A reporter asked petitioner: "Why did you do this?", to which

*Sproessig v. Jackson,* 04-71625-DT

petitioner replied, "I don't–something's wrong." Petitioner then said "no one should ever have to go through anything like this" and he then apologized to his family.

Petitioner's conviction was affirmed on appeal. *People v. Sproessig,* 224162 (Mich.Ct.App. June 25, 2002); *lv. den.* 467 Mich. 951; 656 N.W. 2d 531 (2003). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Conviction obtained by unconstitutional in-court identification which should be suppressed re: invalid pretrial procedures.
>
> II. Conviction obtained in violation of due process right to neutral, detached judge and right of confrontation by judicial misconduct.
>
> III. Conviction obtained by unconstitutional failure of prosecution to disclose evidence favorable to petitioner.
>
> IV. Conviction obtained in violation of due process right to fair trial when jury given inadmissible evidence during deliberations.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

*Sproessig v. Jackson,* 04-71625-DT

evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

I. Conviction obtained by unconstitutional in-court identification which should be suppressed re: invalid pretrial procedures.

Petitioner first claims that the victim's in-court identification should have been suppressed as being the fruit of a suggestive pre-trial identification procedure.  Petitioner further argues that the Michigan Court of Appeals'

4

*Sproessig v. Jackson,* 04-71625-DT

determination that there was an independent basis for the victim's in-court identification was an unreasonable application of clearly established federal law.

In the present case, the Michigan Court of Appeals agreed that the pre-trial identification procedures were unduly suggestive, because the police informed the victim that petitioner had been arrested and then showed the victim a single photograph of petitioner. However, the Michigan Court of Appeals found that there was an independent basis for the victim's in-court identification of petitioner.

In so ruling, the Michigan Court of Appeals utilized the following eight factors that the Michigan Supreme Court had indicated in *People v. Gray,* 457 Mich. 107, 116; 577 N.W. 2d 92 (1998) should be used to determine whether an independent basis for an in-court identification exists:

 "1. Prior relationship with or knowledge of the defendant.
 " 2. The opportunity to observe the offense. This includes such factors as length of time of the observation, lighting, noise or other factor[s] affecting sensory perception and proximity to the alleged criminal act.
 " 3. Length of time between the offense and the disputed identification....
 " 4. Accuracy or discrepancies in the pre-lineup or showup description and defendant's actual description.
 " 5. Any previous proper identification or failure to identify the defendant.
 " 6. Any identification prior to lineup or showup of another person as defendant.
 " 7.... [T]he nature of the alleged offense and the physical and psychological state of the victim....
 " 8. Any idiosyncratic or special features of defendant."
     *People v. Sproessig,* Slip. Op. at * 3 (citing to *People v. Gray,* 457 Mich. at 116).

5

*Sproessig v. Jackson,* 04-71625-DT

The Michigan Court of Appeals found that factors two and seven of the *Gray* tested weighed in favor of finding an independent basis for the victim's in-court identification of defendant, while the other factors were primarily neutral. *People v. Sproessig,* Slip. Op. at * 3.  The Michigan Court of Appeals noted that the victim had an excellent opportunity to observe petitioner before the sexual assault occurred.  The victim's office and the entire model home were very well-lit for showing the home.  It was a bright day outside, the model home had a large number of windows, and the blinds were never closed during the showing.  The victim stood next to her attacker in the brightly-lit garage and talked to him for approximately five minutes.  After this man looked around the house, the victim and her assailant twice again engaged in face-to-face conversations, for several minutes.  The victim viewed the man's face additional times during the assault.  The Michigan Court of Appeals found that "the opportunity to observe factor" weighed in favor of an independent basis for the in-court identification. *Id.*

The Michigan Court of Appeals further found that the nature of the offense and the victim's composure also weighed in favor of finding an independent basis for her in-court identification, noting that: "[R]ape complainants usually have a better opportunity to observe their assailants than complainants or witnesses of other crimes.'" *People v. Sproessig,* Slip. Op. at * 3 (quoting *People*

6

*Sproessig v. Jackson,* 04-71625-DT

*v. Gray,* supra at 117(quoting Sobel, Eyewitness Identification (2d ed), § 6.3, pp 6-8)).  The Michigan Court of Appeals noted that the victim in this case had the presence of mind to get her assailant out of the model home after the assault by telling him that her boss would soon arrive and find them.  The victim had also planned to grab her purse with her car keys and her cell phone and leave.  After the assailant left, the victim waited approximately five minutes, got dressed, went to her car, and called 911 on her cell phone.  The victim reported the attack to the police dispatcher and drove herself to the hospital, where she was able to relate what had happened to the police officer who met her there.  The victim went to the police station the following day to assist in making a computer composite and returned to improve the composite.  The Michigan Court of Appeals concluded that this also weighed in favor of finding that the complainant had an independent basis for her identification of defendant. *Id.*

Due process protects the accused against the introduction of evidence which results from an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977).  To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive; if so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams*,

*Sproessig v. Jackson,* 04-71625-DT

971 F. Supp. 1143, 1147-48 (E.D. Mich. 1997)(citing to *Neil v. Biggers*, 409 U.S. 188 (1972)). Five factors should be considered in determining the reliability of identification evidence:

> 1. the witness's opportunity to view the criminal at the time of the crime;
> 2. the witness's degree of attention at the time of the crime;
> 3. the accuracy of the witness's prior description of the defendant;
> 4. the witness's level of certainty when identifying the suspect at the confrontation; and,
> 5. the length of time that has elapsed between the time and the confrontation.

*Neil v. Biggers,* 409 U.S. at 199-200; *United States v. Gatewood*, 184 F. 3d 550, 556 (6th Cir. 1999).

If the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred; so long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F. 2d 226, 230 (6th Cir. 1992).

In this case, assuming that the pre-trial identification procedures were unduly suggestive, petitioner has failed to show, under the totality of circumstances, that the suggestiveness led to a substantial likelihood of an irreparable misidentification. The lighting conditions at the model home were excellent. The victim stood next to petitioner in the brightly lit garage for five

*Sproessig v. Jackson,* 04-71625-DT

minutes and spoke with him. The victim spoke face to face with petitioner again on two occasions for several minutes. The victim also viewed petitioner's face during the sexual assault. There is no indication that the victim's in-court identification of petitioner was ever equivocal.

Finally, in addition to considering the reliability of the actual identification, courts also look to other evidence to determine whether, if the identification were tainted, permitting the identification was an error of sufficient magnitude to rise to a constitutional level because of a very substantial likelihood of irreparable misidentification, or whether the error was harmless. *See Robertson v. Abramajtys,* 144 F. Supp. 2d 829, 848 (E.D. Mich. 2001). In this case, any risk of misidentification was reduced by the fact that petitioner's fingerprint was recovered from a brochure found at the crime scene. *See Kennaugh v. Miller,* 150 F. Supp. 2d 421, 437 (E.D.N.Y. 2001). In addition, petitioner's confession to the crime also makes the possibility of misidentification extremely low. *Robertson,* 144 F. Supp. 2d at 848.

The Michigan Court of Appeals' determination that there was an independent basis for the victim's in-court identification of petitioner apart from the pre-trial identification was not an unreasonable application of clearly established federal law. Accordingly, petitioner is not entitled to habeas relief on this claim.

*Sproessig v. Jackson,* 04-71625-DT

II.  Conviction obtained in violation of due process right to neutral, detached judge and right of confrontation by judicial misconduct.

Petitioner next claims that he was deprived of a fair trial because of judicial misconduct.

In rejecting this claim, the Michigan Court of Appeals observed that although they would not describe the trial court's conduct as being "detached" or showing "caution or restraint," they nonetheless concluded that petitioner was not deprived of a fair trial. *People v. Sproessig,* Slip. Op. at * 4.  Regarding petitioner's allegations about the trial court judge criticizing defense counsel, the Michigan Court of Appeals noted that such comments generally do not support a finding of judicial impartiality. *Id.*  A judge's partiality is also not established by expressions of impatience, annoyance, or anger. *Id.* at * 5.  The Michigan Court of Appeals determined that the remarks that were clear expressions of the trial court's annoyance with trial counsel appearing late in court after several breaks in the trial did not demonstrate any judicial bias against petitioner. *Id.*

Although the Michigan Court of Appeals considered petitioner's challenges to the trial court's interruption of defense counsel's cross-examination of witnesses to be "more serious," the Michigan Court of Appeals determined that defense counsel had extensive opportunities to cross-examine the complainant and to impeach her trial testimony with her prior preliminary examination

*Sproessig v. Jackson,* 04-71625-DT

testimony on the critical issues of her ability to view her assailant and her memory of the event. Therefore, petitioner's right of confrontation was not violated. *People v. Sproessig,* Slip. Op. at * 5.

With respect to the trial court's interruption of the cross-examination of fingerprint witness, Officer Siterlet, the Michigan Court of Appeals determined that he had already testified about the issues that defense counsel was attempting to question him about, therefore, the trial court judge was within his discretion to limit questions that were repetitive. *People v. Sproessig,* Slip. Op. at * 5. The Michigan Court of Appeals also determined that the trial court did not tell the jury that there was no defense to fingerprint evidence, as petitioner alleged, and that the trial court had the discretion to clarify testimony or to elicit additional relevant information. *Id.* at * 6.

The right to an impartial judge is a right whose deprivation a state prisoner may complain of in a federal habeas corpus proceeding. *Tyson v. Trigg*, 50 F. 3d 436, 438 (7th Cir. 1995)(citing to *Turner v. Ohio*, 273 U.S. 510, 523 (1927); *In Re Murchison*, 349 U.S. 133 (1955)). Trial judges have a wide latitude in conducting trials, but they must preserve an attitude of impartiality and scrupulously avoid giving the jury the impression that the judge believes that the defendant is guilty.

However, in reviewing an allegation of judicial misconduct in a habeas

11

*Sproessig v. Jackson,* 04-71625-DT

corpus petition, a federal court must ask itself whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process. *Duckett v. Godinez*, 67 F. 3d 734, 740 (9th Cir. 1995). To sustain an allegation of bias by a state trial judge as a grounds for habeas relief, a habeas petitioner must demonstrate that during the trial the judge assumed an attitude which impressed the jury as being more than an impartial observer. *Brinlee v. Crisp*, 608 F. 2d 839, 852-53 (10th Cir. 1979). A trial judge's intervention in the conduct of a criminal trial would have to reach a significant extent and be adverse to the defendant to a significant degree before habeas relief could be granted. *McBee v. Grant*, 763 F. 2d 811, 818 (6th Cir. 1985).

The Court has reviewed the numerous comments and remarks of the trial court cited to by petitioner and his counsel and concludes, while it is a close question, that he was not deprived of a fair trial by judicial misconduct. In a number of the instances, the trial court simply made an adverse ruling against petitioner with respect to the admission or exclusion of evidence. Adverse rulings, however, are not themselves sufficient to establish bias or prejudice which will disqualify a judge. *Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002); *Hence v. Smith,* 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

The trial court also interjected itself a number of times either to clarify a witness' testimony or to clarify or re-phrase one of counsel's questions to a

*Sproessig v. Jackson,* 04-71625-DT

witness. It is not unconstitutional under the Due Process Clause for a state trial judge to seek clarification from witnesses at a criminal trial. *Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005). "In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony." *Id.* It is also not improper for a trial court judge to clarify a defense counsel's questions for a witness. *See Richards v. Solem,* 693 F. 2d 760, 767 (8th Cir. 1982).

Petitioner is not entitled to habeas relief, because there was no evidence that the trial court judge belittled defense counsel or demonstrated any bias towards the prosecution. *Brown v. Palmer,* at 657. Given the evidence presented on this claim, this Court cannot conclude that the trial court judge's comments rendered the trial fundamentally unfair, nor does the Court find that the Michigan Court of Appeals' decision on this issue was contrary to or an unreasonable application of Supreme Court precedent, as to warrant habeas relief.

III. Conviction obtained by unconstitutional failure of prosecution to disclose evidence favorable to petitioner.

Petitioner next contends that he was deprived of a fair trial, because the prosecution failed to provide certain evidence prior to trial. He alleged that this was a violation of several discovery orders entered in this case. Petitioner

13

*Sproessig v. Jackson,* 04-71625-DT

claims that he was not provided with the victim's medical records from her treatment at the hospital until the fifth day of trial. Petitioner claims that these medical records showed that the victim was taking several medications at the time of the sexual assault, which he alleges may have affected her ability to identify him as her assailant. Petitioner also claims that he was not provided with a copy of the videotaped interview between petitioner and a news reporter until trial. Lastly, petitioner contends that he was not provided with photographs that the police had of other potential suspects, only discovering these photographs at trial.

To the extent that petitioner is claiming that the prosecutor violated state discovery rules, he would not be entitled to habeas relief. A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002).

To the extent that petitioner is contending that the violation of the discovery order violated his due process rights, this claim must fail also. Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). There are three

*Sproessig v. Jackson,* 04-71625-DT

components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Petitioner's *Brady* claim fails for several reasons. First, all of this evidence was disclosed to petitioner during trial. *Brady* generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. *See United States v. Davis,* 306 F. 3d 398, 421 (6th Cir. 2002). If previously undisclosed evidence is disclosed during trial, no *Brady* violation occurs unless the defendant is prejudiced by its nondisclosure. *United States v. Word*, 806 F. 2d 658, 665 (6th Cir. 1986); *See also United States v. Benc*s, 28 F. 3d 555, 560-61 (6th Cir. 1994).

In the present case, any claim that the late disclosure of these discovery materials may have precluded defense counsel from adequate trial preparation is non-cognizable.

In addition, petitioner has also failed to offer any evidence or argument to show any of this evidence contained exculpatory material. The burden is on a habeas petitioner to prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. *Coe v. Bell*, 161 F. 3d 320, 344 (6th Cir.

*Sproessig v. Jackson,* 04-71625-DT

1998). Petitioner has failed to show that any of this evidence exculpated him of this crime. Petitioner is therefore not entitled to habeas relief on his third claim. *Id.*

IV. Conviction obtained in violation of due process right to fair trial when jury given inadmissible evidence during deliberations.

In his final claim, petitioner contends that the trial court inadvertently admitted certain exhibits into evidence which it had previously excluded.

In rejecting this claim, the Michigan Court of Appeals noted that an evidentiary hearing was conducted on this claim at petitioner's second sentencing hearing. The court deputy testified that this exhibit was never submitted to the jury. The trial court judge also indicated that he had spoken with the jurors after the verdict and they indicated to him that they had not received this exhibit. The Michigan Court of Appeals concluded that any error in this case was harmless, because the jurors never received the excluded exhibit into the jury room. *People v. Sproessig,* Slip. Op. at * 7-8.

A federal court must apply the presumption of correctness to state court findings of fact for habeas corpus purposes unless clear and convincing evidence is offered to rebut this presumption. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); *Hill v. Hofbauer,* 195 F. Supp. 2d 871, 877 (E.D. Mich. 2001). A state appellate court's findings of fact are also entitled to the presumption of

16

*Sproessig v. Jackson,* 04-71625-DT

correctness. *Martin v. Rose*, 744 F. 2d 1245, 1252 (6th Cir. 1984).

In the present case, both the trial court and the Michigan Court of Appeals found that this unadmitted exhibit had never been submitted to the jury for their review during deliberations. This is a factual finding that is presumed correct on habeas review. *See e.g. Jackson v. Shanks,* 143 F. 3d 1313, 1323 (10th Cir. 1998). Because petitioner has failed to rebut the state courts' factual findings that this exhibit was never submitted to the jury, he is not entitled to habeas relief on his claim.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary